#4

Fee Paid

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Steven Addlespurger   :   CIVIL ACTION – LAW

   Plaintiff    NO **16 - 1 1 5 7**

    v.

David Wecht, Superior Court
of Pennsylvania, Supreme
Court of Pennsylvania, State
of Pennsylvania, Kimberly
Berkeley Clark, Domestic
Relations Section of Allegheny
County, Patrick Quinn,
Eugene Strassburger, Kate
Ford Elliott, Paula
Francisco Ott, Correale Stevens,
John Bender and Susan Peikes
Gantman

    **FILED**

   AUG – 1 2016

  CLERK U.S. DISTRICT COURT
  WEST. DIST. OF PENNSYLVANIA

JURY TRIAL DEMANDED

## VERIFIED COMPLAINT

### INTRODUCTORY STATEMENT

1. This is the case of a man who was a good husband and father. His

children, all of his assets and his freedom were seized by the Family

Division at 440 Ross Street, Pittsburgh, Pa. 15219 in the county of

Allegheny. From the date the Complaint in Support was filed on

July 30, 2004, until his youngest child was emancipated, on August 1, 2014,

Plaintiff was put in jail no less than eleven times, was repeatedly denied

a complete and accurate accounting of equitable distribution and child support, and deprived of a relationship with both of his children, all to the detriment of him, his son and his daughter.

## PARTIES

2.  Plaintiff, Steven Addlespurger, ("Plaintiff") is an adult individual who currently resides at 1391 Noblestown Road, Oakdale, Pa. 15071.

3.  Defendant, David Wecht, (defendant, "Wecht") is a judge on the Pa. Supreme Court of Pennsylvania. Defendant Wecht was also on the panel of three (3) judges with the Superior Court of Pennsylvania when Plaintiff's case was appealed on December 14, 2012. Defendant Wecht was also the judge in the underlying Family Division case from September 27, 2004 until July 10, 2009. (FD-04-004718)

4.  Defendant Superior Court of Pennsylvania, (defendant "Superior") is located at 310 Grant Street, suite 600, Pittsburgh Pa. 15219, Nicholas Corsetti, esq.

5.  Defendant Supreme Court of Pennsylvania, (defendant "Supreme") is located at 801 City-County Building, 414 Grant Street, Pittsburgh, Pa. 15219, John Vaskov, esq.

6.  Defendant, State of Pennsylvania, (defendant "State") is named because all defendants are state actors.

7.  Defendant Kimberly Berkeley Clark (defendant "Clark") is the current Administrative Judge of Allegheny County Family Division.

8.  Defendant Domestic Relations Section of Allegheny County, (defendant "Domestic") is located at 440 Ross Street, Pittsburgh, Pa. 15219.

9.  Defendant Patrick Quinn (defendant "Quinn") is the Administrator of the Adult Section of the Family Division of the Court of Common Pleas of Allegheny County and oversees the Domestic Relations Section and Child Support Enforcement in the state of Pennsylvania, and is located 440 Ross Street Street, Pittsburgh, Pa. 15219.

10.  Defendant, Eugene Strassburger, (Defendant "Strassburger") is a judge with the Superior court of Pennsylvania.

11.  Defendant Kate Ford Elliott (Defendant Elliott) is a President Judge Emeritus with the Superior Court of Pennsylvania.

12.  Defendant Paula Francisco Ott (Defendant "Ott") is a judge with the Superior Court of Pennsylvania.

13.  Defendant Correale Stevens (Defendant "Stevens") served as a President Judge of Superior Court of Pennsylvania during the appeal in question.

14.  Defendant John Bender (Defendant "Bender") served as a President Judge of Superior Court of Pennsylvania during the appeal in question.

15.  Defendant Susan Peikes Gantman (Defendant "Gantman") served

as a President judge of Superior Court during the appeal in question and

is the current President Judge of Superior Court of Pennsylvania.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction to hear suits alleging violations of a citizen's individual constitutional rights as conferred by 28 U.S.C. 1331 and 28 U.S.C. 1343 (a)(3) and (4); and per the remedial statutes of 42 U.S.C. 1983, 1985, 1986 and per 18 U.S.C. 241, 242.

17. This Court additionally has jurisdiction to hear supplemental state claims per U.S.C. 1367 (c) as invoked here.

18. Punitive damages are requested (or will be at the appropriate time) because the defendants' actions were so willful and egregious, as to deprive Plaintiff of his inherent rights.

19. Venue is properly in the Western District because most, if not alleging parties, witnesses and evidence are common to Allegheny County, Pennsylvania.

20. A jury trial is demanded.

## RIGHTS VIOLATED

21. As set forth in further detail *infra.*, the foregoing named defendants have either individually and/or collectively conspired to violate Plaintiff's inalienable rights per:

a. First Amendment right to Petition the Courts for redress of grievances;

b. First Amendment right to be free of retaliation for petitioning the Court for a redress of grievances;

c. First and Fourteenth Amendment rights to access the Court and confidence rights to the equal protections of the law;

d. Fourteenth Amendment rights to procedural due process.

e. Fourteenth Amendment rights to substantive due process, as to be free of arbitrary and capricious acts of government taken without valid government purpose.

f. Fifth Amendment right to be free of an unwarranted seizure of property without due process.

## OPERATIVE FACTS

22. Plaintiff hereby incorporates by reference, each and every of the preceding paragraphs as if all are fully set forth at length, herein.

23. A Complaint in Support was filed by Plaintiff's then wife, Julie McVay, (formerly Julie Addlespurger), on July 30, 2004.

24. On July 10, 2009, a Divorce Decree was granted.

25. Between July 30, 2004 and July 10, 2009, numerous orders were entered regarding equitable distribution, child support and attorney fees to Charles Voelker (Julie McVay's then attorney).

26. Upon information and belief Plaintiff alleges that the equitable distribution, child support and court ordered attorney fees ordered and/or

paid were co-mingled resulting in an impossible, to decipher, numeric nightmare.

27. Because the co-mingling of amounts began early on in the case and continued throughout, it resulted in ongoing errors regarding what was truly owed and where it was owed, (equitable distribution, child support or attorney fees).

28. Yet, on no less than eleven occasions, based on alleged amounts due, supposedly for child support arrears, Plaintiff was put in jail.

29. Throughout the case, Plaintiff repeatedly requested an accurate and detailed accounting of how figures and amounts owed were calculated.

30. Plaintiff avers that on or about October 25, 2005, November 23, 2005, and at least five (5) other occasions, court ordered attorney fees of at least $ 6500 were taken from several payments made specifically for child support and instead paid to attorney, Charles Voelker.

31. This resulted in yet another contempt order for non-payment of child support and the Plaintiff was again put in jail.

32. For years of this co-mingling of money allegedly owed, Defendant Wecht was the Family Court judge assigned to the case, including at all times when money paid to and for child support was instead taken out of child support and numerous checks were written to Charles Voelker for attorney fees court ordered by Defendant Wecht.

33. During the time that Defendant Wecht was the assigned judge, Plaintiff made numerous allegations of corruption and impropriety against Defendant Wecht.

34. Plaintiff believes the height of Defendant Wecht's disdain for him began when Plaintiff began publicly stating that Defendant Wecht allowed and/or conspired with Domestic Relations Section/Child Support Enforcement, to take funds paid through the child support system, specifically for child support, to instead be used to pay Charles Voelker for attorney fees court ordered by Defendant Wecht because of the campaign contributions made by Charles Voelker/Voelker firm to Defendant Wecht.

35. At one point, Plaintiff's then attorney, Louis Salamon, asked Defendant Wecht to recuse himself.  Defendant Wecht denied the recusal motion.

36. Plaintiff wrote many letters and filed several appeals.

37. On December 14, 2012, Plaintiff filed an appeal pro se.  By this time Defendant Wecht was a judge with the Superior Court of Pennsylvania.

38. Defendant Wecht was assigned to the panel on Plaintiff's appeal.

39. The Operating Procedures of the Superior Court, 65.5 (b) Panels, states, **"The President Judge shall appoint the panels, assign cases to the panels and designate the time, date and place in which panels shall sit."**

40. Defendant Wecht should have never been assigned to the three judge panel.  He had an obligation to recuse himself, he did not.

41.  Defendants Stevens, Bender and Gantman were all President Judges of the Superior Court of Pennsylvania at some point during the course of Plaintiff's pro se appeal filed on December 14, 2012 and all three had a duty to remove Defendant Wecht from the panel and assign a third judge.  None of the three did so.

42.  Defendant Strassburger was also originally assigned to the panel and recused himself for reasons unknown.  Defendant Strassburger had a duty to take steps to have Defendant Wecht removed from the panel.  He did not.

43.  The other two judges assigned to the panel, who remained and decided the appeal were Defendants Elliott and Ford.

44.  Defendants Elliott and Ford had a duty to insist that Defendant Wecht either recuse himself or be removed from the panel as the

Operating Procedures of Superior Court state,
   **"Except as otherwise provided by these rules, all appeals, whether argued or submitted, shall be assigned to and decided by panels consisting of three judges."**

45.  In the recently decided Supreme Court of the United States case,

*Williams v Pennsylvania*, the court ruled,

".......**Chief Justice Castille's denial of the recusal motion and his subsequent judicial participation violated the Due Process Clause of the Fourteenth Amendment. Pp 5-12**
**(a)  The court's due process precedents do not set forth a specific test governing recusal when a judge had prior involvement in a case as a prosecutor but the principles on which these precedents rest dictate the rule that must control in the circumstances here: Under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant personal involvement as a**

**prosecutor in a critical decision regarding the defendant's case."**

46.  In Plaintiff's case, Defendant Wecht was the presiding judge in a family court case.  The judge in a family court case essentially acts as the judge, prosecutor and jury.  A judge in a family court case makes **ALL** the critical decisions.

47.  Plaintiff believes that Defendant Wecht remained on the panel to cover up the corruption and impropriety in the underlying case while Defendant Wecht was the assigned judge.

48.  When Plaintiff's youngest child was emancipated on August 1, 2014 and his child support ended, according to child support records, he was not in the arrears.

49.  Plaintiff believes he overpaid a substantial amount of money throughout the course of the case, due in large part to the initial co-mingling of equitable distribution, child support and attorney fees, absent the requested accounting.

50.  On or about November 13, 2015, Plaintiff requested, via a Petition filed before Defendant Clark, a detailed accounting of all monies allegedly owed and paid throughout the case for equitable distribution and child support as well as amounts of money removed from child support for attorney's fees.

51.  Plaintiff received an eight (8) page document titled "Case Financial Summary" and "Statement of Arrears."  The document did not explain how the initial amounts were calculated for each item, equitable distribution,

child support and attorney fees.

52. Unless Plaintiff knows the exact initial amounts originally calculated for each item and which amounts paid were applied to each item, it is impossible to determine what went where.

53. Knowing exactly what was calculated and applied is critical because child support enforcement is only authorized to enforce and collect payments for child support, not equitable distribution and attorney fees.

54. Obligors in arrears for child support, under the applicable statutes, can have their license suspended and be put in jail, among other penalties, but Domestic Relations Section/Child Support Enforcement does not have the authority to put someone in jail for failure to pay court ordered attorney fees or equitable distribution related monies.

55. Plaintiff alleges that for many years he was forced to pay inflated child support due to the misappropriated payments intended for child support applied to equitable distribution and/or attorney's fees which made it appear as though his child support was in the arrears when it wasn't.

56. Plaintiff believes the accounting was never accurate and rather than give him the requested documentation and opportunity to dispute it, Defendant Wecht continued to deny him due process by being one of the three (3) judges on the panel for his appeal and Defendant Clark, in furtherance of the cover-up, denied his request for an accurate and detailed independent audit.

57. Try as he might, Plaintiff has been denied post-deprivation relief at every turn.

58. Upon information and belief Plaintiff alleges that denying obligors a full and accurate accounting of child support calculations, amounts owed and amounts paid is a common policy and practice of the Domestic Relations Section of Allegheny County, in the state of Pennsylvania.

59. Plaintiff further alleges that by denying obligors a full and accurate accounting of all child support calculations, obligors are routinely deprived of their property (money), freedom and/or a relationship with their child(ren).

## COUNT I

Plaintiff v. all defendants
Violation of Plaintiff's Rights under the 1st and 14th Amendments

60. Plaintiff hereby incorporates by reference, each and every of the preceding paragraphs as if all are fully set forth at length, herein.

61. At all material times in question regarding the co-mingling and misappropriation of funds specifically paid into and solely designated for child support, Defendant Wecht was the family court judge who presided over the underlying family court case.

62. Defendant Wecht was on the panel of three (3) judges assigned to one of Plaintiff's appeals.

63. Defendants Superior, Supreme, and State have an obligation to protect

the Due Process Rights of a pro se Appellant when the judge on the panel in the higher court was the judge who presided over the case in the lower court.

64. Defendants Stevens, Bender and Gantman, as part of the duties as President Judge of Superior Court of Pennsylvania, are to assign three judges to the panel who have had no judicial involvement in the matter being appealed.

65. Plaintiff was denied the opportunity to Petition the Court, Superior Court, for redress of grievances in the lower court, because the same judge judicially participated in both.

66. Defendant Domestic violated Plaintiff's Fourteenth Amendment Rights by denying him procedural due process and subjecting him to repeatedly arrests for money allegedly owed for child support which was either never calculated, documented and/or taken out of child support and paid to Charles Voelker for attorney fees.

67. Defendant Clark was the Administrative Judge of Allegheny County Family Court from 2013 through present and denied Plaintiff's request for a detailed accounting to determine how calculations were made and where monies paid were allocated.

WHEREFORE, since the entire case, which spanned eleven (11) years, cannot possibly be relitigated, Plaintiff demands judgment of the defendants, jointly and severally, for violation of his rights under the 1st and 14th Amendments to include his right to petition, right to equal access to the

courts, to equal protection under the law, and to be free of animus and retaliation for the exercise thereof, together with punitive damages, damages for pain and suffering, humiliation, embarrassment, and emotional distress, together with fees, attorney fees (if any) and any such other relief as may be deemed appropriate.

## COUNT II
### Plaintiff v. all Defendants
### Section 1983 Conspiracy

68. Plaintiff hereby incorporates by reference, each and every of the preceding paragraphs as if all are fully set forth at length herein.

69. Defendants acted in a conspiracy to deprive Plaintiff of his rights including, but not limited to his right to equal access to the court.

WHEREFORE, Plaintiff demands judgment of the defendants, jointly and severally, for violation of his rights to be free of conspiracies, together with punitive damages and damages for pain and suffering, humiliation, and embarrassment for emotional distress, together with fees, attorney fees (if any) and such other relief as may be deemed appropriate.

## COUNT III
### Plaintiff v. All defendants
### Section 1983 Failure to Intercede in Wrongs

70. Plaintiff hereby incorporates by reference, each and every of the preceding paragraphs as if all are fully set forth at length herein.

71. Defendants knew or should have known of the wrongs being committed

but repeatedly failed to intercede to correct those wrongs all of which have caused irreparable harm and injury to Plaintiff and his children.

WHEREFORE, Plaintiff demands judgment of the defendants jointly and severally, together with punitive damages, and damages for pain and suffering, humiliation and embarrassment for emotional distress, together with fees, attorney fees (if any) and any such other relief as may be deemed appropriate.

## COUNT IV
### Plaintiff v All Defendants
### Section 1983 Malicious Abuse of Process

72.  Plaintiff hereby incorporates by reference, each and every of the preceding paragraphs as if all are fully set forth at length herein.

73.  Defendants' willful and malicious abuse of process deprived Plaintiff of his right to due process for illegitimate purposes.

WHEREFORE, Plaintiff demands judgment of the defendants, jointly and severally, together with punitive damages and damages for pain and suffering, humiliation, and embarrassment for emotional distress, together with fees, attorney fees (if any) and such other relief as may be deemed appropriate.

## COUNT V
### Plaintiff v All Defendants
### 1983 Fifth Amendment Right to be Free of Unwarranted Seizure of Property Without Due Process

74. Plaintiff hereby incorporates by reference, each and every of the preceding paragraphs as if all are fully set forth at length herein.

75. Defendants failure to fully and accurately document all calculations caused Plaintiff's property and freedom to be seized without due process.

WHEREFORE, Plaintiff demands judgment of the defendants, jointly and severally, for violation of his rights, together with punitive damages, and damages for pain and suffering, humiliation and embarrassment for emotional distress, together with fees, attorney fees (if any) and any such other relief as may be deemed appropriate.

## COUNT VI
### Plaintiff v All Defendants
### Fraud

76. Plaintiff hereby incorporates by reference, each and every of the preceding paragraphs as if all are fully set forth at length herein.

77. Defendants fraudulently co-mingled alleged amounts owed for equitable distribution, attorney fees and child support to cause Plaintiff's to overpay for child support, be held in contempt for child support arrears and jailed multiple times.

78. Defendants fraudulently assigned, and allowed to remain assigned, a judge on the appeal panel in Superior Court who made all judicial decisions in the underlying case for over five (5) years in an effort to further cover-up the fraud committed.

WHEREFORE, Plaintiff demands judgment of the defendants, jointly and severally, together with punitive damages and damages for pain and suffering, humiliation, and embarrassment for emotional distress, together with fees, attorney fees (if any) and any other such relief as may be deemed appropriate.

Respectfully submitted,

Steven Addlespurger
Pro Se Plaintiff

## DECLARATION

I, Steven Addlespurger, Plaintiff in the above-captioned matter, do hereby verify this /ˢᵗ day of August 2016 under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Steven Addlespurger
Pro Se Plaintiff